USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                    :

EDDY COELLO,                                :

                                   Petitioner,   :

                                                    :            18-CV-4485 (VSB) (JLC)

                      -v-                         :

                                                   :           **OPINION & ORDER**

EARL BELL,                                   :

                                                    :

                                   Respondent.  :

                                                    :
------------------------------------------------------------X

Appearances:

Eddy Coello
Dannemora, NY
*Pro se Petitioner*

Nicole A. Neckles
Bronx County District Attorney's Office
Bronx, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

      Pro se Petitioner Eddy Coello filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 18, 2018. (Doc. 1 ("Petition" or "Pet.").) Before me is Magistrate Judge James L. Cott's May 14, 2019 Report and Recommendation ("Report" or "R&R"), recommending that the Petition be denied in full. (Doc. 21.) Petitioner filed timely written objections to the Report. (Doc. 24.) I have reviewed the Report and Petitioner's objections, and find the Report to be thorough and accurate. For the reasons stated herein, I ADOPT the Report, and the Petition is DENIED.

    **I.**    **Background and Procedural History**

      The factual and procedural history is thoroughly set out in the Report, familiarity with

which is assumed, and is briefly summarized here merely to provide background and context. On October 15, 2012, Petitioner was convicted of murder in the second degree following a jury trial in New York Supreme Court, Bronx County. He was sentenced to an indeterminate prison term of twenty-five years to life. The conviction and sentence were affirmed on appeal by the Appellate Division, First Department, and the New York Court of Appeals denied further leave to appeal. *See People v. Coello*, 10 N.Y.S.3d 87, 87 (App. Div. 1st Dep't 2015); *People v. Coello*, 26 N.Y.3d 927 (2015). On June 18, 2015, Petitioner filed a petition for a writ of error *coram nobis* with the Appellate Division, First Department, which was summarily denied, and leave to appeal was further denied by the New York Court of Appeals. *See People v. Coello*, 2016 WL 5939079 (App. Div. 1st Dep't Oct. 13, 2016); *People v. Coello*, 28 N.Y.3d 1143 (2017). Petitioner further moved to vacate his conviction pursuant to C.P.L. § 440.10. The New York State Supreme Court, Bronx County, denied this motion on March 31, 2017, and Petitioner's further applications for leave to appeal were similarly denied. *See People v. Coello*, 2017 WL 2871623 (App. Div. 1st Dep't July 6, 2017); *People v. Coello*, 31 N.Y.3d 1012 (2018).

## II. Legal Standards of Review

### A. *Review of Magistrate Judge's Report*

Reviewing a magistrate judge's report and recommendation, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). I review de novo the portions of the Report to which timely and specific written objections are made. *Id.*; Fed. R. Civ. P. 72(b)(3). "The objection must be specific and clearly aimed at particular findings in the R&R." *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "Otherwise, the court will review the

R&R strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.* (internal quotation marks omitted).  Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 Fed. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

"*Pro se* parties are generally accorded leniency when making objections." *Hill v. Miller*, No. 15 Civ. 6256 (KMW)(JCF), 2016 WL 7410715, at *1 (S.D.N.Y. Dec. 21, 2016) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).  "Nonetheless, even a *pro se* party's objections to an R & R must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

### B. *Habeas Relief*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).  Under the first test, "a writ of habeas corpus will issue only if 'a state court's application of federal law . . . is so erroneous that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Duhs v. Capra*, 639 F. App'x 691, 694 (2d Cir. 2016) (quoting *Nevada v. Jackson*,

3

569 U.S. 505, 508–09 (2013) (per curiam)). "Thus, even a showing of 'clear error' will not suffice." *Id.* (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). A state court's factual findings are presumed correct unless the Petitioner comes forward with clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

### III. <u>Discussion</u>

The Petition seeks to challenge Petitioner's conviction on the following grounds: (1) that his trial counsel was ineffective for three reasons; (2) that his appellate counsel was ineffective for three reasons; and (3) that his Due Process rights were infringed due to *Brady* and *Giglio* violations by the prosecution. Petitioner objects to each of Judge Cott's conclusions and recommendations, and repeats substantially the same arguments that Judge Cott considered and rejected when reviewing the Petition.

#### A. *Ineffective Assistance of Trial Counsel Claims*

Petitioner objects to the Report's rejection of his arguments that he was deprived of his constitutional right to effective assistance of trial counsel because his counsel failed to: (1) adequately investigate the prosecution's allegedly erroneous assertions that he was a serial domestic abuser; (2) investigate and introduce evidence that would have proven his lack of intent, an element necessary for a charge of murder in the second degree; and (3) adequately discuss the case with him. (Doc. 24, at 3–8.) He contends that he was prejudiced by counsel's failures and, but for the deficiencies, the outcome of the trial would have been different. (Habeas Mem. 4–6, 9–17, 23–24.)[1]

With respect to the first asserted ground for ineffective assistance of his trial counsel— that his counsel failed to adequately investigate the prosecution's allegedly erroneous assertions

---

[1] "Habeas Mem." refers to the Memorandum of Law in Support of Petition for a Writ of Habeas Corpus. (Doc. 4.)

4

that he was a serial domestic abuser—Petitioner's objections are mere restatements of his original arguments to Magistrate Judge Cott.  Accordingly, I review these objections for clear error, and find no error.  As the Report thoroughly outlines, the state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984), which is reviewed under a "doubly" deferential standard under the AEDPA, *Harrington v. Richter*, 562 U.S. 86, 105 (2011), was not "unreasonable," *id.* at 101.  Instead, as the Report outlines, it is clear from the record that Petitioner's trial counsel had substantive knowledge of the prosecution's allegations of Petitioner's prior domestic abuses, and successfully argued at Petitioner's *Molineux* hearing, resulting in the exclusion at trial of substantial portions of the evidence the prosecution had sought to offer of Petitioner's prior instances of domestic abuse.  Trial counsel's subsequent decision to then forego "opening the door" to this evidence by raising the same issue at trial was not objectively unreasonable pursuant to *Strickland*.  *See Greiner v. Wells*, 417 F.3d 305, 324 (2d Cir. 2005) ("We cannot fault [trial counsel] for refusing to introduce evidence . . . in light of its 'significant potential downside,'—that it would have opened the door to a prosecution line of inquiry harmful to the defense." (citation omitted)); *see also Strickland*, 466 U.S. at 691 (when counsel has "reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable").[2]

Regarding the second asserted ground for ineffective assistance of his trial counsel—that counsel failed to investigate and introduce evidence that would have proven Petitioner's lack of intent to commit murder in the second degree—Petitioner's objections are general in that they

---

[2] Petitioner also raises an objection regarding the trial judge's comments at sentencing. (Doc. 24, at 3–4.)  As the Report concluded, the Petition does not formally challenge the length of Petitioner's sentence, (Report 34), and I similarly do not consider Petitioner's arguments regarding the length of his sentence or the trial judge's comments at sentencing.

relate to the cumulative weight and sufficiency of the evidence regarding his intent to commit murder.  (Doc. 24, at 5–7.)  Petitioner does not raise a specific objection to the Report's findings or its rejection of his argument regarding counsel's failure to introduce evidence of his actions subsequent to the murder of his wife—such as his claim that he attempted to bring his wife to the hospital and surrendered to the police.  Accordingly, I also review this aspect of the Report for clear error, and find none.  As the Report thoroughly outlines, security camera footage admitted at trial directly contradicts Petitioner's theory regarding his subsequent actions, and Petitioner did not surrender to the police until after the victim's body was discovered by authorities.  (*See* Report 35–37.)  Therefore, counsel's decision not to present Petitioner's alternative interpretation of his actions subsequent to his wife's murder was a reasonable strategic decision.  In any case, counsel's primary strategy at trial was focused on rebutting the prosecution's evidence of intent, which resulted in the court introducing an alternative lesser charge of manslaughter in the first degree.  The evidence thus reveals that counsel did pursue aspects of the strategy Petitioner now claims should have been pursued, and Petitioner's real complaint is that counsel did not argue "forcefully" enough.  (Doc. 24, at 6.)  However, the Report's assessment of the strength of trial counsel's advocacy on this point does not amount to clear error, and is further buttressed by counsel's success in securing an alternative lesser charge, despite the jury's rejection of the charge.

      Regarding the third asserted ground for ineffective assistance of his trial counsel—that counsel failed to adequately discuss the case with Petitioner—Petitioner's only new objection to the Report is his claim that had counsel more thoroughly collaborated on his case, counsel would have been able to obtain affidavits rebutting the prosecution's allegations of domestic abuse.  (Doc. 24, at 7–8.)  However, as discussed above, the state court did not unreasonably assess

6

counsel's strategic decision regarding the presentation of evidence of Petitioner's prior bad acts, which was largely excluded by the trial court at Petitioner's *Molineux* hearing.

Accordingly, Petitioner's objections to the Report's rejection of his ineffective assistance of trial counsel claims are denied.

**B.     *Ineffective Assistance of Appellate Counsel Claims***

Petitioner objects to the Report's rejection of his arguments that he was deprived of his constitutional right to effective assistance of appellate counsel because his counsel failed to: (1) adequately argue on appeal the sufficiency of the evidence of Petitioner's intent to commit murder in the second degree; (2) challenge the denial of three mistrial applications made by trial counsel; and (3) argue that remarks made by the prosecutor during summation deprived Petitioner of the right to a fair trial.  (Doc. 24, at 8–16.)  Petitioner argues that these appellate errors should have resulted in the state court granting his petition for a writ of error *coram nobis*, which was unreasonably denied contrary to clearly established federal law.  (Habeas Mem. 27–57.)  As an initial matter, "*Strickland*'s two-prong test applies equally to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right." *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001).  However, to demonstrate deficient performance of appellate counsel, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument.  Counsel is not obliged to advance every nonfrivolous argument that could be made." *Id.*

Petitioner's objection to the Report's rejection of his first alleged basis for ineffective assistance of appellate counsel—the sufficiency of the evidence challenge—is merely a restatement of his original arguments to the Magistrate Judge.  I therefore review this objection for clear error, and find none.  As discussed above, the evidence at trial focused on Petitioner's

7

intent, and trial counsel requested and was granted a jury instruction on the alternative lesser charge of manslaughter in the first degree due to the varying reasonable interpretations of the intent evidence.  I agree with the Report's conclusion that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found evidence of Petitioner's intent to commit murder in the second degree beyond a reasonable doubt.  (*See* Doc. 21, at 45.) Accordingly, the Report's conclusion that appellate counsel was not deficient for declining to argue sufficiency of the evidence on direct appeal is not clearly erroneous.  Thus, I agree that the state court's rejection of Petitioner's argument on this point was not contrary to clearly established federal law.

Petitioner's objection to the Report's rejection of his second alleged basis for ineffective assistance of appellate counsel relates to the improper rejections of the following three grounds for a mistrial that Petitioner claims should have been raised by appellate counsel on appeal: (1) the prosecutor's acting as an unsworn witness during the testimony of Petitioner's stepson; (2) the prosecutor's violation of a *Molineux* ruling when questioning a police detective; and (3) the prosecutor's failure to give notice to the defense of certain *Brady* and *Giglio* information. (Habeas Mem. 34–44.)  Petitioner objects to the Report's rejection of his arguments regarding appellate counsel's failure to address these mistrial rejections on appeal.  (Doc. 24, at 9–12.) Because Petitioner's objections merely reiterate his original arguments, I review this portion of the Report for clear error, and find none.

With respect to the first two mistrial requests, the trial court provided curative instructions in an attempt to cure any perceived errors in the prosecutor's questioning, and also struck certain objectionable testimony.  (Report 46–47.)  As the Report accurately states, "whether to grant a mistrial lies within the discretion of the trial court," (Report 47 (citing

8

*Arizona v. Washington*, 434 U.S. 497, 510–111 (1978)), and "juries are presumed to 'follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant," (Report 47 (quoting *Greer v. Miller*, 483 U.S. 756, 767 n.8 (1987)).  Reviewing the record in light of these standards, the Report's rejection of Petitioner's arguments regarding the first two grounds for a mistrial application was not clearly erroneous.  With respect to the third mistrial request, the Report concludes that the prosecution error underlying the request—the prosecutor's failure to give notice to the defense of certain *Brady* and *Giglio* information—did not prejudice the defense.  This is because the undisclosed prior bad acts committed by Frank Meli—a prosecution witness—were discovered by defense counsel during cross-examination and in fact disclosed to the jury during the cross-examination of Meli.  Defense counsel's ability to elicit the details of the undisclosed prior bad acts thus mitigated any prejudice resulting from the alleged *Brady* and *Giglio* violations, and the Report's same conclusion was not clearly erroneous.  Due to the lack of prejudice, appellate counsel was not deficient in failing to argue on direct appeal that the trial court abused its discretion in rejecting Petitioner's mistrial application, and the state court's same conclusion is not contrary to clearly established federal law.

   Petitioner's objection to the Report's rejection of his final alleged basis for ineffective assistance of appellate counsel—the failure to argue that remarks made by the prosecutor during summation deprived Petitioner of the right to a fair trial—is similarly a restatement of his original arguments to the Magistrate Judge that I review for clear error.  (*See* Doc. 24, at 13–16.)  The record indicates that trial counsel failed to object to the prosecutor's remarks during summation, which Petitioner admits.  (Doc. 24, at 16.)  Accordingly, as the Report concludes,

these objections were not preserved and would have presented futile arguments on direct appeal. (Report 50.) Thus, the Report's conclusion that appellate counsel was not deficient in deciding not to argue the propriety of the prosecutor's summation was not clearly erroneous, and the state court did not contravene clearly established federal law in rejecting Petitioner's argument that appellate counsel was deficient on this ground.

### C.   *Brady and Giglio Claims*

Petitioner's final objection is to the Report's failure to consider Petitioner's *Brady* and *Giglio* claims,[3] which the Report declined to consider, stating that these claims were "waived" because Petitioner raised them for the first time in his reply brief. (Report 41 n.18.) Petitioner contends that these claims were indeed raised in Petitioner's initial memorandum, and I agree. Accordingly, I review these claims de novo. However, because Petitioner did not exhaust his *Brady* and *Giglio* claims by pursuing state remedies for these claims, I do not consider the merits of the claims.

"Under 28 U.S.C. § 2254(b), applicants for habeas relief serving state sentences must first exhaust all state remedies." *Ramirez v. Attorney Gen.*, 280 F.3d 87, 94 (2d Cir. 2001). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 276–77 (1971). "Even if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it is, as a result,

---

[3] These claims involve the same alleged failure—discussed above—of the prosecution to disclose the prior bad acts of prosecution witness Frank Meli, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

10


then procedurally barred under state law." *Id.*  However, federal court review of a claim that has not been presented to the highest state court or preserved will "be subject to the cause and prejudice standard before reaching the merits." *Id.*

In his Notice of Petition for a Writ of Error *Coram Nobis*, Petitioner requested "[a]n order granting the Petitioner's petition . . . on the ground that he was denied the effective assistance of counsel on direct appeal."  (Doc. 14-6, at 1.)  The petition itself focused on the issue of appellate counsel's failure to raise certain arguments on direct appeal, and did not seek relief under *Brady* or *Giglio*.  (*Id.* at 1 (describing the petition as being submitted "due to ineffective assistance of appellate counsel in failing to present several meritorious issues"), 2 ("The issue of ineffective assistance of appellate counsel is thus properly before this Honorable Court"), 4 ("Appellate Counsel was ineffective for failing to raise the more compelling arguments presented herein, instead of the weaker arguments he offered for this Court's consideration.").)  Although Petitioner's *coram nobis* petition mentions in passing potential *Brady* and *Giglio* claims, it does so in only two sentences, and only in the context of discussing why appellate counsel was deficient in not presenting the rejected mistrial applications as an issue on direct appeal.  (*Id.* at 20 ("Thus, there is also a violation of the well-established *Giglio* rule here . . . . [T]here is also a potential *Brady* violation . . . .").)  The mention of *Brady* and *Giglio*, however, was not an attempt to state a separate claim for relief, but only an effort to buttress the alleged prejudice resulting from appellate counsel's failures on appeal.  (*See id.* at 35 ("It was inexplicable, improper, and ineffective for Appellate Counsel to ignore these grounds when preparing the brief in this matter.  This is especially true considering the record shows that several *Molineux*, *Brady*, and *Rosario* violations infected [Petitioner's] trial.").)  As the Second Circuit has stated in an analogous context, "[a]rguing a single claim at length and making only passing reference to

possible other claims . . . does not fairly apprise the state court of those remaining claims." *Jordan v. Lefevre*, 206 F.3d 196, 198 (2d Cir. 2000) (citing *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)).  Therefore, I conclude that Petitioner's petition for a writ of error *coram nobis* did not fairly apprise the New York state appellate courts that Petitioner was pursuing a *Brady* or *Giglio* claim.  Accordingly, because Petitioner failed to adequately raise these claims to the New York Court of Appeals, these arguments have not been exhausted as required, and because "Petitioner makes no showing of cause or of prejudice"—as he failed to adequately present the claims despite recognizing the possible existence of such claims—the claims "must therefore be dismissed without reaching the merits."  *Grey*, 933 F.2d at 121.

## IV.  Conclusion

For the reasons stated above, I ADOPT Magistrate Judge Cott's Report and Recommendation, (Doc. 21).  The petition for a writ of habeas corpus is DENIED.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  The Clerk's Office is directed to close the case and is further directed to mail a copy of this order to the pro se Petitioner.

SO ORDERED.

Dated:  May 28, 2020
       New York, New York

Vernon S. Broderick
United States District Judge